# 22-1409-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

▶▶◀◀

JENNY RAMGOOLIE,

*Plaintiff-Appellant,*

v.

ANDY RAMGOOLIE,

*Defendant-Appellee,*

and

AANDCO HEALTH CARE LTD., JEREMY RAMGOOLIE, ANNIE RAMGOOLIE, KDR MEDICAL CARE LTD., KEVIN RAMGOOLIE,

*Defendants.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## BRIEF FOR DEFENDANT-APPELLEE

Edward S. Rudofsky
EDWARD S. RUDOFSKY, P.C.
*Attorneys for Defendant-Appellee*
Five Arrowwood Lane
Melville, New York 11747
917-913-9697

# **TABLE OF CONTENTS**

**Page**

Counterstatement of The Case ...................................................................................1

Standard of Review ....................................................................................................3

Summary of Argument ...............................................................................................4

Argument....................................................................................................................4

    The District Court Did Not Abuse Its Discretion
    In Denying Reconsideration ..................................................................................4

        A.  The District Court Applied The Correct Legal Standard .....................4

        B.   As To The Value of The Business.........................................................7

        C.  As To The Claim For Salary And Expenses ........................................8

Conclusion ..................................................................................................................8

Certificate of Compliance ................................................................................... 11

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.,*
  684 F.3d 36 (2d Cir. 2012) ................................................................................. 3, 7, 9

*Anwar v. Fairfield Greenwich Limited,*
  164 F.Supp.3d 558 (S.D.N.Y. 2016) ......................................................................... 5

*Baker v. Dorfman,*
  239 F.3d 415 (2d Cir. 2000) ........................................................................................ 4

*Cronan, Zoulas v. New York City Dept. of Education,*
  18-cv-2718, 2021 WL 3932055 (S.D.N.Y. September 1, 2021) ............................. 9

*In re Facebook, Inc., IPO Sec. and Derivative Litig.,*
  43 F. Supp. 3d 369 (S.D.N.Y. 2014), *aff'd sub nom.*
  *Lowinger v. Morgan Stanley & Co.,* 841 F.3d 122 (2d Cir. 2016) ......................... 5

*In re Fengling Liu,*
  664 F.3d 367 (2d Cir. 2011)], ..................................................................................... 9

*In re Health Mgmt. Sys., Inc., Sec. Litig.,*
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ........................................................................ 5

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,*
  729 F.3d 99 (2d Cir. 2013) ....................................................................................... 5, 8

*Ramgoolie v. Ramgoolie,*
  Docket No. 22cv8985(JMF) ........................................................................................ 2

*Salveson v. JP Morgan Chase & Co.,*
  663 Fed.Appx. 71 (2nd Cir. 2016) ........................................................................... 7, 9

*Schonberger v. Serchuk,*
  742 F.Supp. 108 (S.D.N.Y. 1990) ............................................................................ 5, 6

# TABLE OF AUTHORITIES (*cont'd*)

**Cases**   **Page(s)**

*Shrader v. CSX Transp., Inc.,*
  70 F.3d 255 (2d Cir. 1995)..................................................................................5

*Skiadas v. Acer Therapeutics Inc.,*
  2020 WL 4208442 (S.D.N.Y. Case No. 19-cv-6137-GHW, July 21, 2020)...........6

*Spira v. J.P. Morgan Chase & Co.,*
  466 F. App'x 20, 22 n. I (2d Cir. 2012).................................................................9

*Van Buskirk v. United Group of Companies, Inc.,*
  935 F.3d 49 (2nd Cir. 2019)..................................................................................3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
  956 F.2d 1245 (2d Cir. 1992) (quoting 18 Charles Alan Wright,
  Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure
  4478 at 790 (2d ed.))...........................................................................................6

**Federal Rules**

Fed.R.Civ.Pr. 59(e) ................................................................................................5

S.D.N.Y. Local Civil Rule 6.3 ................................................................................ 6

## **COUNTERSTATEMENT OF THE CASE**

Plaintiff-Appellant Jenny Ramgoolie ("Plaintiff") appeals from the Opinion and Order entered June 13, 2022 (Doc. No. 336), denying her motion for "partial reconsideration" of the District Court's Order Adopting Report and Recommendation entered March 4, 2022 (Doc. No. 324), awarding her $58,478.06 in damage, plus pre-judgment interest at the rate of 9% per annum from January 15, 2016 through March 4, 2022.[1]

The relevant factual and procedural background is set forth in the detailed Report and Recommendation of Magistrate Judge Sarah Netburn, filed November 24, 2021 (Doc. No. 307), and again in District Judge Valerie Caproni's detailed Order Adopting Report and Recommendation filed March 4, 2022 (Doc, No. 324), to which this Court is respectfully referred.

For present purposes, defendant-appellee ("Defendant") relies on Judge Caproni's summary of the "Background" set forth in the Order appealed from, at pp. 1-2:

### **BACKGROUND**

The Court assumes familiarity with the facts of this case and refers readers to its prior opinion. See Order, Dkt. 324 at 1–2. In brief,

---

[1] The Clerk calculated the pre-judgment interest to be $32,299.11, for a total of $90,777.17, and judgment was entered accordingly. (Doc. No 329)  The March 31, 2022 judgment was not appealed.  The June 30, 2022 Notice of Appeal (Doc. No. 337) was from only the June 13, 2022 Opinion and Order (Doc. No. 336), misidentified in the Notice of Appeal as a "judgment".

1

Plaintiff commenced this action against several defendants, including her brother, Defendant Andy Ramgoolie, in 2016 after allegedly being edged out of her role in a dialysis center in Trinidad. See Compl., Dkt. 1. After the Court entered a default judgment against Defendant and referred the matter to Judge Netburn for an inquest on damages, see Order of Reference, Dkt. 217, the Court adopted Judge Netburn's recommendation that Plaintiff be granted fifty percent of the value of the dialysis center's shares, that she not be granted fifty percent of the value of shares of the company that acquired the dialysis center, and that she could not recover damages related to her salary or expenses. Order, Dkt. 324 at 4, 8, 10–14. The Court found no clear error in Judge Netburn's determination that calculations offered by Plaintiff from Shanaz Sukhdeo, a Trinidadian Qualified Accountant, were not adequate to prove the purchasing company's finances to a degree of reasonable certainty, and that, therefore, the value of the original center's shares could only be determined from the purchase price of the center. Id. at 4, 8–9. Plaintiff has moved for reconsideration of that finding and the decision not to grant salary or expense-related damages. See Pl. Mem., Dkt. 330 at 3, 9–10, 12. Defendant opposes the motion. See Def. Opp., Dkt. 334.

The Court is also requested to take judicial notice of the fact that in addition to the appeal at bar, Plaintiff has commenced a new, blatantly abusive suit against Defendant in the District Court [*Ramgoolie v. Ramgoolie,* Docket No. 22cv8985(JMF)]. Initially, Plaintiff alleged three causes of action, all of which were alleged in the action at bar, seeking $14 Million in damages from Defendant. She then recently amended that Complaint to add defendants, re-frame one of the causes of action and delete one. A renewed motion to dismiss that clearly abusive, duplicative action, *inter alia,* on the ground that it is barred by *res judicata*, is being filed in the District Court concurrently with this appeal brief.

2

## **STANDARD OF REVIEW**

When, as here, the motion for reconsideration is based on specific arguments made in the motion (rather than a broad-based attack on the original determination), the standard of review is "abuse of discretion." See *Van Buskirk v. United Group of Companies, Inc.,* 935 F.3d 49, 52-53 (2nd Cir. 2019) ("Denials of motions for reconsideration are reviewed only for abuse of discretion.") (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), especially *Van Buskirk, supra,* at fn. 1, emphasizing at where the Order denying reconsideration "only considered the grounds for the motion …, not the [underlying] merits …, abuse of discretion is the proper standard."

Here, Plaintiff expressly moved for "partial reconsideration." (Docs. Nos. 330 and 333). As summarized by the District Court, Plaintiff asserted two specific grounds for reconsideration "that the Court was wrong to discount her accountant's valuation of the company that purchased the dialysis center and of the dialysis center itself," and that "she remains entitled to damages for her salary and expenses incurred on behalf of the center." (Doc. No. 336 at p. 3)

Accordingly, the question presented by this appeal is whether the District Court abused its discretion in denying reconsideration on those grounds. And the answer is that it clearly did not.

3

## SUMMARY OF ARGUMENT

Plaintiff has appealed from the denial of her motion for "partial reconsideration" of only particular items decided by the District Court upon the Report and Recommendation of the Magistrate Judge. In denying reconsideration, the District Court applied the correct legal standard and the denial of reconsideration should be affirmed. Reconsideration is an extraordinary remedy to be applied sparingly. Here, the motion for reconsideration was "old wine in a new bottle" - - a rehash of arguments previously made, supported by "new" evidence that was not "new" and without any explanation of why the material could not have been submitted at the time of the Inquest or on the subsequent motion objecting to the Report and Recommendation. Accordingly, the District Court did not abuse its discretion in denying the motion and the Order appealed from should be affirmed.

## ARGUMENT

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING RECONSIDERATION

**A.** **The District Court Applied The Correct Legal Standard**

The District Court applied the correct legal standard in denying Plaintiff's motion for reconsideration in this case (Doc. No. 336 at p. 2-3):

4

The movant bears the burden of proof on a motion for reconsideration. *In re Facebook, Inc., IPO Sec. and Derivative Litig.,* 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co.,* 841 F.3d 122 (2d Cir. 2016). While a district court has "broad discretion" to determine whether to grant a motion under Rule 59(e), *Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000),* the standard for granting a motion for reconsideration is "strict," *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration will only be granted when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Courts in this District rarely grant motions for reconsideration, "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader,* 70 F.3d at 257. A motion to reconsider will not be granted when a party seeks to relitigate "arguments already briefed, considered, and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990). This strict standard reflects the principle that reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc., Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted).

See, also, *Anwar v. Fairfield Greenwich Limited,* 164 F.Supp.3d 558 (S.D.N.Y. 2016), in which Judge Marrero held that: "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). 'The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered[,] and decided.'

5

*Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990). 'The major grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."' *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure 4478 at 790 (2d ed.))."

Here, Plaintiff's motion for "partial reconsideration" was "old wine in a new bottle." See, e.g., *Skiadas v. Acer Therapeutics Inc.,* 2020 WL 4208442 (S.D.N.Y. Case No. 19-cv-6137-GHW, July 21, 2020), at *8 (denying motion for reconsideration and, *inter alia,* characterizing argument as "old wine in a new bottle").

Plaintiff's declaration (Dkt. No. 330, at 14-15), initial exhibits (Dkt. Nos. 330-1, 330-2, 330-3, 330-4) (which include several non-party declarations), and her supplemental exhibit (Dkt. Nos. 333-2) (a 274-page spreadsheet), all filed without leave of court), were required to be disregarded pursuant to Local Civil Rule 6.3.

Furthermore, plaintiff did even attempt to justify her belated submission of these declarations and "new" evidence - - all of which could have been presented at the Inquest. Clearly, her obligation was to present her evidence to the Magistrate Judge or, at the latest, to present it to the District Court in support of her Objections to the Magistrate Judge's Report and Recommendation. She did neither and her

6

motion for "partial reconsideration" based on them was properly denied. See, e.g., *Salveson v. JP Morgan Chase & Co.,* 663 Fed.Appx. 71, 75-76 (2nd Cir. 2016), in which this Court emphasized that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted).

**B.     As To The Value of the Business**

As explained by the District Court (Doc. No. 336 at pp. 3-4):

> Plaintiff argues that (i) Sukhdeo is an expert witness in this case, Pl. Mem. at 4; (ii) the data on which he depended, which were provided by Plaintiff, were reliable, id. at 5–6, 9; (iii) discounted cash flow analysis, the method Sukhdeo used, is a reliable method for determining the value of a business, id. at 6–9. Plaintiff also argues, in the alternative, that the Court should appoint an accountant to conduct a valuation in Sukhdeo's stead, id. at 10, and, shoehorned into the end of her brief, that she is entitled to damages related to her salary and expenses, id. at 12. Case 1:16-cv-03345-VEC-SN Document 336 Filed 06/13/22 Page 3 of 5 4
>
> With respect to the valuation by Sukhdeo, the primary basis for rejecting his valuation was the absence of evidence of the finances of either the dialysis center or the purchasing company. Order, Dkt. 324 at 9 (citations omitted). Although Plaintiff argues at length that the data Sukhdeo evaluated provide a reasonable basis to conduct a discounted cash flow analysis, that is the same argument that she made to Judge Netburn and in her objection to Judge Netburn's R&R. R&R, Dkt. 307 at 12 (citations omitted); Order, Dkt. 324 at 9 n.11 (citation omitted) ("The Court notes that in her objection Plaintiff added a letter from a certified public accountant representing that the valuation used by Sukhdeo is reliable."). The Court considered the reliability of the

7

underlying data and concluded that the data Plaintiff was able to provide to Sukhdeo were not fulsome enough to establish breach of contract damages to a reasonable certainty. Order, Dkt. 324 at 9 (citing R&R at 12–13). Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" on this point. *Kolel Beth Yechiel Mechil of Tartikov, Inc.,* 729 F.3d at 104 (citation omitted).

### C. As To The Claim For Salary And Expenses

As explained by the District Court (Doc. No. 336 at pp. 4):

> With respect to her salary and expenses, Plaintiff does not point to any new evidence, controlling caselaw, or clear error that undermine the Court's finding that there was no reliable evidence of her salary or the expenses for which she should be reimbursed. Order, Dkt. 324 at 12, 14.

## CONCLUSION

It cannot be gainsaid that the Magistrate Judge and District Court gave Plaintiff every opportunity to prove her case. And, to the extent that she was able to do so, judgment was entered in her favor for $$58,478.06, plus pre-judgment interest. But, that said, none of the justifications for reconsideration were present at bar. There was no intervening change in the law. Plaintiff produced no "new evidence" (i.e., that could not have been produced at the time of the Inquest on damages). Perhaps most importantly, plaintiff failed to show "clear error or manifest injustice" at bar. Rather, her motion papers simply rehashed variations of the very

8

same "damages" arguments that she has been making throughout. See, most recently, Doc. Nos. 271-274, 301, 314, 315, 320, 321 and 323.[2]

Accordingly, for all of these reasons, Plaintiff's motion for "partial reconsideration" was properly denied and the Order appealed from should be affirmed, with costs and such other, further and different relief as the Court finds just, necessary and proper in the circumstances.[3]

---

[2] By way of example, and not limitation, see Doc. No. 271-4 (May 18, 2020 Sukhdeo Submission opining that the "Company Valuation for KDR Medical Care Limited" is "USD$25,977,565"). Compare, Doc. No. 330-2 (identical May 18, 2020 Sukhdeo Submission, supported by spreadsheet). As this Court held in *Analytical Surveys, Inc. v. Tonga Partners, L.P., supra,* quoted in *Salveson, supra,* a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" - - which, as may be seen, is exactly what plaintiff did - - although she raised her valuation of the business to "USD$26,812.210." (See Doc. No. 330, at p. 11.)

[3] It is patent from Plaintiff's Brief (which, *inter alia*, cites 34 cases, 2 federal statutes, a Federal Rule of Civil Procedure, a Federal Rule of Evidence, a Federal Rule of Appellate Procedure, and the Restatement (Second) of Contracts) that it was at least partially "ghostwritten" by an identified attorney. This Court, among others, has noted that the practice of "ghostwriting" raises serious ethical concerns, see *In re Fengling Liu,* 664 F.3d 367, 369-72 (2d Cir. 2011)], and there is a consensus that in such circumstances the "pro se" party is not entitled to any form of "special solicitude" or "special consideration". See, e.g., *Cronan, Zoulas v. New York City Dept. of Education,* 18-cv-2718, 2021 WL 3932055 (S.D.N.Y. September 1, 2021) (not appropriate to afford pro se litigants "special solicitude" when "the Court strongly suspects that Plaintiff has ... been aided by an attorney in the drafting of [her] papers···,which are organized, typewritten, and contain citations to dozens of instructive legal authorities in proper BlueBook format"); cf., *Spira v. J.P. Morgan Chase & Co.,* 466 F. App'x 20, 22 n. I (2d Cir. 2012) (summary order) (denying pro se plaintiff "special consideration" because "he was represented by his wife, a licensed attorney, in the district court, and ... she is responsible for ghostwriting his appellate briefs").

The District Judge sidestepped the "ghostwriting" issue. (Doc. 336 at p. 3.) However, Plaintiff persists in palming herself off as a "pro se" party in circumstances where it is obvious than an unidentified attorney is drafting all or substantial portions of her submissions.

9

Dated:   February 26, 2023

                                            **EDWARD S. RUDOFSKY, P.C.**
*Attorney for Defendant-Appellee*
 *Andy Ramgoolie*
Five Arrowwood Lane
Melville, New York  11747
(917) 913-9697

By: _____
      Edward S. Rudofsky
      ed@rudofskylaw.com

# CERTIFICATE OF COMPLIANCE
## Pursuant to Fed R. App. P. Rule 32(a)(7)(c)

The foregoing brief was prepared on a computer. A proportionally spaced typeface was used as follows:

| | |
|---|---|
| Name of Typeface: | Times New Roman |
| Text Point Size: | 14 |
| Line Spacing: | Double |
| Footnote Point Size: | 12 |
| Footnote Line Spacing: | Single |

The total number of words in the Brief, inclusive of point headings and footnotes, and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules and regulations, etc. is: 2,611.